UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORLANDO GARCIA,

    Plaintiff,

v.

TONY GUNDOGDU, et al.,

    Defendants.

Case No. 22-cv-00134-JD

**ORDER RE MOTION FOR DEFAULT JUDGMENT**

Plaintiff Orlando Garcia brought this case against defendants Tony Gundogdu and Aynur Gundogdu, alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 (Unruh Act). Dkt. No. 1. Defendants have not appeared in the case, and at Garcia's request, the Clerk of Court has entered defendants' defaults. Dkt. Nos. 14 (Aynur Gundogdu), 16 (Tony Gundogdu).

Garcia has moved for default judgment. Dkt. No. 22. The Court has received a report and recommendation by a magistrate judge in favor of granting default judgment with a reduced award of attorneys' fees. Dkt. No. 27. The recommendation is declined, and the request for a default judgment is denied without prejudice to renewal, as warranted.

As plaintiff notes, the ADA permits suits against "any person who owns, leases (or leases to), or operates a place of public accommodation." Dkt. No. 22-1 at 8 (quoting 42 U.S.C. § 12182(a)). The main problem here is that plaintiff has neither pleaded nor adequately established that the defaulted defendants fall into any of those categories. The complaint says only that "[d]efendants Tony Gundogdu and Aynur Gundogdu owned the real property located at or about 411 Lathrop Street, Redwood City, California, upon which the business 'Redwood City Vape' operates." Dkt. No. 1 ¶¶ 2-3.

1   Similarly, the declaration of plaintiff's attorney, Candice Clipner, submitted in support of

2   default judgment stated only that:

> My firm conducted a public record search in order to ascertain the owners and operators of the facility that is the subject of this litigation. Based on this search and the records located, our office determined, to the best of our knowledge, that defendants Tony Gundogdu and Aynur Gundogdu own the real property located at 411 Lathrop Street, Redwood City, California, upon which the business 'Redwood City Vape' (Store) operates, that is the subject of this lawsuit on the date complained of by Plaintiff.

Dkt. No. 22-7 (Clipner Decl.) ¶ 4. The magistrate judge's report and recommendation stated that "[d]efendants own Redwood City Vape, a retail business located in Redwood City, California," Dkt. No. 27 at 2 (citing Dkt. No. 1 ¶¶ 2-3), but the cited paragraphs of plaintiff's complaint do not make that allegation. They allege only that defendants own "the real property located at or about 411 Lathrop Street" in Redwood City. Dkt. No. 1 ¶¶ 2-3. On this record, the Court is unable to conclude that defendants are persons who "own[], lease[] (or lease[] to), or operate[] a place of public accommodation." 42 U.S.C. § 12182(a).

The motion for default judgment, Dkt. No. 22, is denied without prejudice on that ground. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (for request to enter default judgment, district court may consider factors including the merits of plaintiff's substantive claim and the sufficiency of the complaint).

The denial is without prejudice. Should plaintiff opt to try again, a renewed motion should also address in greater detail how plaintiff has met his burden to establish that the removal of the alleged barriers here was "readily achievable" under 42 U.S.C. § 12182(b)(2)(A)(iv), *see Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034-35 (9th Cir. 2020). Any renewed request for fees and costs must also be modified as proposed by the report and recommendation, *see* Dkt. No. 27 at 13-16, and follow the conclusions the Court has reached in similar cases on the appropriate hourly rates and investigative costs in ADA cases like this one, *see*, *e.g.*, *Johnson v. Izaan, LLC*, No. 3:21-cv-02664-JD, Dkt. No. 19 (N.D. Cal. Sept. 30, 2022).

**IT IS SO ORDERED.**

Dated: March 13, 2023

_____
JAMES DONATO
United States District Judge